**Winfred OVERHOLSER, Superintendent, St. Elizabeths Hospital, Appellant,**

v.

**Dallas O. WILLIAMS, Appellee.**

**No. 14297.**

United States Court of Appeals District of Columbia Circuit.

Submitted Jan. 15, 1958.

Decided Jan. 21, 1958.

Messrs. Oliver Gasch, U. S. Atty., and Lewis Carroll, Asst. U. S. Atty., with whom Mr. Edward P. Troxell, Principal Asst. U. S. Atty., was on the brief, for appellant.

Messrs. Nestor S. Foley and George Rublee, II, for appellee.

Before BAZELON, FAHY and WASHINGTON, Circuit Judges.

PER CURIAM.

This is an appeal from an order by District Judge Keech releasing appellee Williams from the custody of the Superintendent of St. Elizabeths Hospital, on habeas corpus. The facts and circumstances are set forth in Judge Keech's memorandum opinion filed January 15, 1958, D. C., 157 F.Supp. 871.

In reversing Williams' conviction of assault with a deadly weapon and directing dismissal of the indictment, we indicated that it was open to the Government to proceed for a civil commitment under D. C.Code § 21–326. Williams v. United States, 101 U.S.App.D.C. ——, 250 F.2d 19. That section permits a commitment proceeding to be begun by arrest of the alleged insane person.[1] The arrested

1. The text of the section is as follows:
   Any member of the Metropolitan police of the District of Columbia or any other officer in said District authorized to make arrests is authorized and empowered to apprehend and detain, without warrant,

person is to be detained in the District of Columbia General Hospital and, within forty-eight hours, a verified petition is to be filed as provided in D.C.Code §§ 21–310, 21–311.

The petition filed by the Government in this case, no matter how liberally construed, does not comply with the code provisions. For example, it completely fails to allege, as D.C.Code § 21–310 requires, that Williams is "insane." Nor is any allegation made that he is "of unsound mind," an alternative term used in §§ 21–311 and 21–326. Though the terms "insane" and "of unsound mind" may have one meaning for the speaker and another for the hearer, the statute nevertheless makes verified allegations of that sort a jurisdictional prerequisite to the institution of lunacy proceedings.[2] This defect in the petition is not remedied by the two psychiatric reports attached to the petition. Both are unverified and are ambiguous in the terms employed and the conclusions reached.[3]

The Government relies on Overholser v. de Marcos, 1944, 79 U.S.App.D.C. 397, 147 F.2d 145, and Barry v. Hall, 1938, 68 App.D.C. 350, 98 F.2d 222, as authority in support of its position. But those cases simply indicate that where a strong showing of present insanity is made a court may be justified, in spite of defective prior proceedings, in ordering a temporary detention conditioned upon prompt institution of proper proceedings. See also Dooling v. Overholser, 1957, 100 U.S.App.D.C. 247, 243 F.2d 825. Compare Jillson v. Caprio, 1950, 86 U.S.App.D.C. 168, 181 F.2d 523. In the present case the Government fails to allege insanity or to file the requisite affidavits to that effect.

We must affirm Judge Keech's order directing appellee's release. Our affirmance is without prejudice to such additional proceedings, in compliance with the provisions of the District of Columbia Code, as may be instituted.

any insane person or person of unsound mind found on any street, avenue, alley, or other public highway, or found in any public building or other public place within the District of Columbia; and it shall be the duty of the policeman or officer so apprehending or detaining any such person to immediately file his affidavit with the major and superintendent of said Metropolitan police that he believes said person to be insane or of unsound mind, incapable of taking care of himself or herself or his or her property, and if permitted to remain at large or to go unrestrained in the District of Columbia the rights of persons and of property will be jeopardized or the preservation of public peace imperiled and the commission of crime rendered probable: *Provided, however*, That it shall be the duty of the major and superintendent of the said Metropolitan police to forthwith notify the husband or wife or some near relative or friend of the person so apprehended and detained whose address may be known to the said major and superintendent or whose address can by reasonable inquiry be ascertained by him.

No such affidavit ws filed here, and we do not understand the Government to contend that an attempt was made to comply literally with the quoted section.

2. In argument before Judge Keech the Government declared that it was prepared to show that Williams has "a chronic syndrome, which has been defined as an irreversible brain injury, a defect of the brain which could account for what the doctors find to have been a psychosis in 1955, a psychosis and psychopathic or socio-pathic personality conditions of the nature of a schizophrenic reaction or a paranoid reaction." If the Government views this condition as supporting an allegation of present insanity or unsoundness of mind, it neglected to make the allegation. Moreover, it neglected to include a report of this condition among the psychiatric reports it appended to its petition.

3. We do not pass on the other contentions of the parties, including the issue of whether the petition here was filed by an authorized party.