**Dallas O. WILLIAMS, Appellant,**

v.

**Winfred OVERHOLSER, Superintendent,
St. Elizabeth's Hospital, Appellee.**

**No. 14501.**

United States Court of Appeals
District of Columbia Circuit.

Argued June 23, 1958.

Decided July 2, 1958.

Mr. Richard Arens, Washington, D. C., for appellant.

Mr. Hubert B. Pair, Asst. Corporation Counsel for the District of Columbia, with whom Messrs. Chester H. Gray, Corporation Counsel, Milton D. Korman, Principal Asst. Corporation Counsel, and Andrew G. Conlyn, Asst. Corporation

Counsel, were on the brief, for appellee. Mr. Richard W. Barton, Asst. Corporation Counsel, also entered an appearance for appellee.

Before EDGERTON, Chief Judge, MADDEN, Judge, United States Court of Claims,* and BURGER, Circuit Judge.

EDGERTON, Chief Judge.

Appellant pleaded guilty to a charge of public drunkenness. The Municipal Court set aside the plea and committed appellant to D. C. General Hospital for examination and observation. The hospital's chief psychiatrist reported to the court that appellant was psychotic and dangerous to himself and others. The report said nothing about competency to stand trial. The Municipal Court, after hearing testimony, found appellant "of unsound mind" and ordered him confined in St. Elizabeth's Hospital "until released in accordance with the provisions of the Act of Congress approved August 9, 1955, 69 Stat. 609, Ch. 673, Section 1," § 24–301(a), D.C.Code (1951) Supp. VI. The Municipal Court did not find whether appellant was or was not competent to stand trial.

Appellant sought release from the Hospital in habeas corpus, by a petition filed in the District Court April 29. The District Court entered an order which recited: " * * * it appearing to the Court that petitioner is illegally detained in the absence of a determination by the Municipal Court of his competency to stand trial, it is therefore this 27th day of May, 1958, Ordered: That unless within ten days from the date of this order, or such extension thereof as may be granted by this Court for good cause shown, the Municipal Court determine petitioner's mental capacity to stand trial, the writ of habeas corpus shall issue." At the same time the District Court, 162 F.Supp. 514, filed an opinion saying: " * * * If * * * he is found incompetent to stand trial he will be committed under the statute to a mental hospital. If he is found compe-

tent to stand trial, he will have his trial, and whether convicted or acquitted he will be returned to the mental hospital under the prior commitment on unsoundness of mind."

■ We need not decide whether the District Court's order standing alone would be a final order subject to review. Read with the opinion, we think it is clearly a final order. Read with the opinion, it determines that the appellant will be confined in a mental hospital, whether he is found competent or incompetent to stand trial.

The proceedings in the Municipal Court were ostensibly under § 24–301(a) of the D.C.Code, which provides that when the mental competency of a person accused of crime is in issue "the court, after hearing without a jury, shall make a judicial determination of the competency of the accused to stand trial. If the court shall find the accused to be then of unsound mind or mentally incompetent to stand trial, the court shall order the accused confined to a hospital for the mentally ill." The last sentence, as we read it in its context, comes only to this; the court shall order the accused confined in a mental hospital if it finds that because of unsoundness of mind or for any other reason he is mentally incompetent to stand trial.

Section 24–301(b), which immediately follows, prescribes the machinery by which "Whenever an accused person confined to a hospital for the mentally ill is restored to mental competency in the opinion of the superintendent of said hospital", the court may determine his competence to stand trial.

■■ Title 21, beginning with § 306, of the District of Columbia Code contains elaborate provisions for commitment of persons alleged to be insane. In general, the procedure includes a report and recommendation by the Commission on Mental Health, a jury's verdict if demanded, and an order of the District Court. In the present case, the Municipal Court and the District Court seem

---

* Sitting by designation pursuant to the provisions of Sec. 291(a), Title 28, U.S.Code.

to have thought that when the person suspected of insanity is also accused of crime, Congress intends to bypass all those provisions and safeguards and to permit any trial court, including the Municipal Court, to commit the person to a mental hospital without benefit of a jury or of the Mental Health Commission, although he may be perfectly competent to stand trial. We think Congress had no such intention. Such an intention, if it were plainly expressed, would raise serious questions of due process of law and equal protection of the laws. If those questions could not otherwise be avoided, a very narrow interpretation of § 24–301(a) would be justified and required. The purpose of § 24–301(a), we think, is simply to prescribe the procedure for determining whether an accused person can understand the proceedings against him and properly assist in his defense, and to provide for his confinement in a hospital instead of a jail until he can.

■ The order of the District Court should be modified so as to provide, without prejudice to a prompt trial in the Municipal Court if appellant proves to be competent to stand trial, that the writ of habeas corpus shall issue unless within ten days either (1) the Municipal Court determines that he is mentally incompetent to stand trial and orders him confined on that ground or (2) "proper lunacy proceedings are instituted." Barry v. Hall, 68 App.D.C. 350, 358, 98 F.2d 222, 230. Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19, 26. And see Overholser v. Williams, 102 U.S. App.D.C. 248, 252 F.2d 629.

Order modified.

BURGER, Circuit Judge (concurring).

I agree with Judge EDGERTON's interpretation of the statute but I would affirm the order of the District Court on the ground that it needs no modification. The District Judge did not intend, and indeed had no power, by his opinion to *decide* what would happen to appellant after the ordered examination for competency to stand trial. So read the state-

ment of the District Court opinion: " * * * If * * * he is found incompetent to stand trial he will be committed under the statute to a mental hospital. If he is found competent to stand trial, he will have his trial, and whether convicted or acquitted he will be returned to the mental hospital under the prior commitment on unsoundness of mind," is merely the District Judge's observation as to what he anticipates will develop, but it is not an order, direction, or judgment of the court or a part of its holding. I see no basis for reading into the order general observations in the opinion which are simply the Judge's prediction of what is likely to happen.