Winfred OVERHOLSER, Superintendent, St. Elizabeths Hospital, Appellant,

v.

John D. LEACH, Appellee.

No. 14480.

United States Court of Appeals District of Columbia Circuit.

Argued May 26, 1958.

Decided July 10, 1958.

Petition for Rehearing In Banc Denied Sept. 12, 1958.

Mr. John W. Warner, Jr., Asst. U. S. Atty., for appellant. Messrs. Oliver Gasch, U. S. Atty., Edward P. Troxell, Principal Asst. U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., also entered appearances for appellant.

Mr. Hugh J. McGee, Washington, D. C., for appellee.

Before EDGERTON, Chief Judge, and WASHINGTON and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This case deals with the standards to be applied when a person—in this case the appellee Leach—has been accused of crime, has been found not guilty by reason of insanity, and subsequently seeks release from the mental institution to which he was committed after his criminal trial. The issue was raised here in a habeas corpus proceeding brought by Leach against Dr. Overholser, the Superintendent of St. Elizabeths Hospital, where Leach is presently confined pursuant to the Act of August 7, 1955, discussed below. The District Court after a lengthy hearing, ordered Leach's discharge. Dr. Overholser appealed to this court, and moved for summary reversal. He also moved for a stay of the order of discharge, which we granted pending the disposition of the appeal.

The history of the case at bar is briefly as follows: Appellee Leach was indicted on May 6, 1957, in three indictments charging him with various offenses arising out of three separate robberies. On May 24, 1957, he was committed to St. Elizabeths for a determination of his competency to stand trial. The staff of St. Elizabeths found him competent to stand trial on August 27, 1957.

Appellee came to trial on one robbery indictment (Cr.No. 450–57) in November 1957. His defense was insanity at the time of the offense. On November 20, the jury returned a verdict of not guilty by reason of insanity, and the court ordered appellee confined in St. Elizabeths. In the second case (Cr.No. 452–57), at the close of the trial appellee's counsel moved for, and the court directed a verdict of not guilty by reason of insanity. The third indictment (Cr.No. 451–57) was dismissed by the Government.

On April 14, 1958, appellee filed a petition for writ of habeas corpus alleging that he was eligible to be released. A rule to show cause issued. Appellant's answer asserted that he could not certify that appellee had recovered his sanity and would not, in the reasonable future, be dangerous to himself or others. As we have noted, the District Court held a hearing, and ordered Leach's discharge.

The statute which controls this situation is the Act of August 9, 1955, Public Law 313, 84th Cong., 1st Session, the pertinent text of which is given in the margin.[1] In brief, it provides for the commitment to a mental institution of

---

1. "(d) If any person tried upon an indictment or information for an offense, or tried in the juvenile court of the District of Columbia for an offense, is acquitted solely on the ground that he was insane at the time of its commission, the court shall order such person to be confined in a hospital for the mentally ill.

"(e) Where any person has been confined in a hospital for the mentally ill pursuant to subsection (d) of this section, and the superintendent of such hospital certifies (1) that such person has recovered his sanity, (2) that, in the opinion of the superintendent, such person will not in the reasonable future be dangerous to himself or others, and (3) in the opinion of the superintendent, the person is entitled to his unconditional release from the hospital, and such certificate is filed with the clerk of the court in which the person was tried, and a copy thereof served on the United States Attorney or the Corporation Counsel of the District of Columbia, whichever office prosecuted the accused, such certificate shall be sufficient to authorize the court to order the unconditional release of the

an accused person who is found not guilty by reason of insanity. A release procedure is established, based primarily upon a certificate by the superintendent of the institution that the person committed "has recovered his sanity" and that in the opinion of the superintendent he "will not in the reasonable future be dangerous to himself or others." The District Court may hold a hearing to satisfy itself that eligibility for release has been established. The statute also provides that "nothing herein contained" shall preclude a committed person "from establishing his eligibility for release under the provisions of this section by a writ of habeas corpus." It is this latter provision on which Leach relies.

Seven psychiatrists testified at the District Court hearing, which was lengthy and detailed. Five of these medical witnesses said that Leach was presently suffering from mental disease; two psychiatrists denied present mental disease. But all seven agreed that Leach was a "sociopathic personality with dyssocial outlook," and that he would be dangerous to the community if now released. No medical testimony was offered to show that Leach would not be dangerous if released.

■ On this record, we think that the District Court erred in ordering Leach's release. Leach failed to carry his burden of showing that the refusal of the superintendent to issue the statutory certificate was arbitrary or capricious. Nor was there any evidentiary basis upon which the court could find, under subsections (g) and (e) of the statute, that Leach had established "eligibility for release under the provisions of this section."

■ The test of this statute is not whether a particular individual, engaged in the ordinary pursuits of life, is committable to a mental institution under the law governing civil commitments. Cf. Overholser v. Williams, 1958, 102 U.S.App.D.C. 248, 252 F.2d 629. Those laws do not apply here. This statute applies to an exceptional class of people— people who have committed acts forbidden by law, who have obtained verdicts of "not guilty by reason of insanity,"

---

person so confined from further hospitalization at the expiration of fifteen days from the time said certificate was filed and served as above; but the court in its discretion may, or upon objection of the United States or the District of Columbia shall, after due notice, hold a hearing at which evidence as to the mental condition of the person so confined may be submitted, including the testimony of one or more psychiatrists from said hospital. The court shall weigh the evidence and, if the court finds that such person has recovered his sanity and will not in the reasonable future be dangerous to himself or others, the court shall order such person unconditionally released from further confinement in said hospital. If the court does not so find, the court shall order such person returned to said hospital. Where, in the judgment of the superintendent of such hospital, a person confined under subsection (d) above is not in such condition as to warrant his unconditional release, but is in a condition to be conditionally released under supervision, and such certificate is filed and served as above provided, such certificate shall be sufficient to authorize the court to order the release of such person under such conditions as the court shall see fit at the expiration of fifteen days from the time such certificate is filed and served pursuant to this section: *Provided,* That the provisions as to hearing prior to unconditional release shall also apply to conditional releases, and, if, after a hearing and weighing the evidence, the court shall find that the condition of such person warrants his conditional release, the court shall order his release under such conditions as the court shall see fit, or, if the court does not so find, the court shall order such person returned to such hospital.

\* \* \* \* \*

"(g) Nothing herein contained shall preclude a person confined under the authority of this section from establishing his eligibility for release under the provisions of this section by a writ of habeas corpus." D.C.Code, § 24-301 (Supp. VI, 1958).

and who have been committed to a mental institution pursuant to the Code.[2] People in that category are treated by Congress in a different fashion from persons who have somewhat similar mental conditions, but who have not committed offenses or obtained verdicts of not guilty by reason of insanity at criminal trials. The phrase "establishing his eligibility for release," as applied to the special class of which Leach is a member, means something different from having one or more psychiatrists say simply that the individual is "sane." There must be freedom from such abnormal mental condition[3] as would make the individual dangerous to himself or the community in the reasonably foreseeable future.[4]

The order of discharge will accordingly be

Reversed.

2. See Williams v. United States, 1957, 102 U.S.App.D.C. 51, 57, 250 F.2d 19, 26.

3. Thus, even though Leach's mental health may have improved, if there remains an abnormal mental condition which is certified as a source of potential danger, he is to be retained in custody under Section 24–301.

4. See, in this regard, Durham v. United States, 1956, 99 U.S.App.D.C. 132, 133–134, 237 F.2d 760, 761–762; opinion of Judges Prettyman and Burger in Lyles v. United States, D.C.Cir., 254 F.2d 725, certiorari denied 356 U.S. 961, 78 S.Ct. 997, 2 L.Ed.2d 1067. It should be remembered that the standards and tests for: (1) exculpation from criminal responsibility; (2) competence to stand trial; and (3) release from hospital custody after a verdict of not guilty by reason of insanity, are separate and distinct.