**Milton T. ROSENFIELD, Appellant,**

v.

**Winfred T. OVERHOLSER, Superintendent St. Elizabeths Hospital, Appellee.**

**No. 14340.**

United States Court of Appeals District of Columbia Circuit.

Argued May 27, 1958.

Decided Dec. 2, 1958.

Mr. James J. Laughlin, Washington, D. C., for appellant.

Mr. Walter J. Bonner, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher and Oscar Altshuler, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, WASHINGTON and DANAHER, Circuit Judges.

## PER CURIAM.

This is a case of the same type as Overholser v. Leach, 1958, 103 U.S.App. D.C. 289, 257 F.2d 667, namely, an effort by a person who has been accused of crime and found not guilty by reason of insanity to obtain his release on habeas corpus from a mental institution.

The District Court denied relief. 1957, 157 F.Supp. 18.

On examination of the District Court's opinion it will be noted that the court states that at the hearing before it "testimony was given by a psychiatrist \* \* \*; by the petitioner's father; and by the petitioner himself." 157 F.Supp. at page 22. The testimony of the psychiatrist is then described in a manner which appears to us to be inaccurate. The court concludes by stating that the formal return filed on behalf of the Superintendent of the hospital to the writ of habeas corpus contains statements which appear to be self-contradictory, and contradictory of the oral testimony. 157 F.Supp. at page 22. After stating the alleged contradiction the court proceeds to resolve it in a manner adverse to the petitioner.

In fact, the testimony at the hearing included testimony from three psychiatrists. It does not appear that any of these prepared the return to the writ on behalf of the Superintendent. In any event, the court made no attempt to resolve the supposed contradiction in the return by calling the Superintendent or the member of his staff responsible for the preparation of the return. We think this should have been done before the court reached a conclusion on the matter. The court should also have made formal findings as to whether or not the statutory requirements had been fulfilled, and in particular whether or not Rosenfield is free of any "such abnormal mental condition as would make \* \* \* [him] dangerous to himself or the community in the reasonably foreseeable future." Overholser v. Leach, supra, 103 U.S.App. D.C. at page 292, 257 F.2d at page 670.[1]

The case will be remanded for further proceedings not inconsistent with this opinion.

So ordered.

---

1. The court should bear in mind in this connection that the statute imposes no requirement that the medical witnesses give an absolute guarantee that the patient will never again be mentally ill or dangerous. Reasonable foreseeability, based on careful diagnosis and prognosis by competent persons, is the test.