Dallas O. WILLIAMS, Appellant,

v.

DISTRICT OF COLUMBIA, Appellee.

No. 2267.

Municipal Court of Appeals for the
District of Columbia.

Argued Oct. 28, 1958.

Decided Jan. 19, 1959.

Hyman Smollar, Washington, D. C., for appellant.

Wallace McGregor, Washington, D. C., for appellee.

Before ROVER, Chief Judge, and HOOD and QUINN, Associate Judges.

Howard Adler, Jr., Washington, D. C., for appellant.

Hubert B. Pair, Jr., Asst. Corp. Counsel, Washington, D. C., with whom Chester H. Gray, Corp. Counsel, Milton D. Korman, Principal Asst. Corp. Counsel, and Richard W. Barton, Asst. Corp. Counsel, Washington, D. C., were on the brief, for appellee.

Before HOOD and QUINN, Associate Judges, and CAYTON (Chief Judge, Retired) sitting by designation under Code, § 11-776(b).

CAYTON, Acting Judge.

From a simple beginning as a charge of intoxication, this case before long became the subject of a habeas corpus proceeding in the U. S. District Court; an appeal therein to the U. S. Court of Appeals; a sanity inquisition in the Municipal Court; and a second habeas corpus proceeding in the District Court.

The case is now before this court on defendant's appeal from rulings of the Municipal Court refusing to accept his plea of guilty, entering a not guilty plea over protest of his counsel, putting him on trial as to his sanity, adjudging him to be of unsound mind, and ordering him committed to St. Elizabeths Hospital.

An information filed in the Municipal Court in February 1958 charged Dallas Williams with intoxication. The record shows entry of a plea of guilty and a judgment of guilty, followed by this entry: "The Court Requests Mental Examination of this Prisoner."

On April 21, 1958 the court, sitting without a jury, held a hearing on the issue of Williams' mental condition. Following testimony of witnesses for the Government and defendant, the court on its own motion set aside the plea and judgment of guilty; and after entering a finding that Dallas O. Williams "is of unsound mind," signed a formal order that he "be confined to Saint Elizabeth's Hospital and remain so confined until released in accordance with the provisions of the Act of Congress approved August 9, 1955, 69 Stat. 609, ch. 673, Section 1." Code 1951, § 24-301(b) (Supp. VI).

Williams challenged the legality of this order of confinement by habeas corpus proceedings in the United States District Court for the District of Columbia. In part he based his claim on the fact that the Municipal Court had made no judicial determination of his competency to stand trial, and had instead made only a finding of unsound mind, which finding "is not equated with incompetency to stand trial." His counsel contended that his plea of guilty to the intoxication charge should have been allowed to stand.[1] He protested that his indefinite confinement in a mental institution under only a general finding of unsoundness of mind in a nonjury criminal proceeding created "an avenue for the evasion of safeguards available in civil commitment proceedings." The District Court (Pine, J.) agreed that Williams was entitled to a judicial determination as to his competency to stand trial and that failure to make such determination rendered the detention illegal. He quoted the holdings in Durham v. United States, 99 U.S. App.D.C. 132, 237 F.2d 760, that "competency to stand trial is entirely different from such soundness of mind as would warrant discharge from the hospital" and that a "defendant who is competent to stand trial may nevertheless be suffering from a mental illness * * *." It was ordered that unless within ten days the

1. This would have involved a relatively short sentence. Code 1951, § 25-128 (Supp. VI).

Municipal Court determined Williams' mental capacity to stand trial, the writ of habeas corpus would be issued. Williams v. Overholser, D.C., 162 F.Supp. 514.

Dissatisfied with certain language in the District Court decision, Williams took the case to the U. S. Court of Appeals. Williams v. Overholser, D.C.Cir., 259 F.2d 175, 177. The appeal was decided in the following closing paragraph: "The order of the District Court should be modified so as to provide, without prejudice to a prompt trial in the Municipal Court if appellant proves to be competent to stand trial, that the writ of habeas corpus shall issue unless within ten days either (1) the Municipal Court determines that he is mentally incompetent to stand trial and orders him confined on that ground or (2) 'proper lunacy proceedings are instituted.'" [2] Before stating its final conclusion the court said the purpose of Section 24–301(a) "is simply to prescribe the procedure for determining whether an accused person can understand the proceedings against him and properly assist in his defense, and to provide for his confinement in a hospital instead of a jail until he can." And before that the court said: "In the present case, the Municipal Court and the District Court seem to have thought that when the person suspected of insanity is also accused of crime, Congress intends to bypass all those provisions and safeguards and to permit any trial court, including the Municipal Court, to commit the person to a mental hospital without benefit of a jury or of the Mental Health Commission, although he may be perfectly competent to stand trial. We think Congress had no such intention."

Though the court pointed to the availability of procedures for civil commitment of persons alleged to be insane, the Government made no move in that direction. In July Williams was brought before the Municipal Court and a hearing was had as to both aspects of his mental state. First the Government produced a psychiatrist, who testified that Williams was then competent to understand the nature of the charge against him and to assist in his defense. This testimony was unrebutted and the judge ruled that Williams was mentally competent to stand trial. Counsel then requested a reinstatement of the former plea of guilty to the intoxication charge. This the judge refused, and called the case for trial "on the merits." Trial was had, despite defendant's insistence on his right to plead guilty.

The only witness called was the police officer who had made the arrest. His testimony (a total of three pages in the typewritten transcript) was that he saw Williams "in the middle of the street with his hands up in the air, screaming and yelling"; that there was an odor of liquor on his breath and he appeared to be under the influence of alcohol; that later Williams was "stalking in the cellblock back and forth, wringing his hands, first one thing and then the other." The trial judge found defendant "not guilty by reason of insanity." Defendant noted an appeal to this court.

He also filed a habeas corpus petition in the U. S. District Court, and we think it would be helpful to recite what happened in that proceeding. In re Williams, 165 F. Supp. 879, 882. The District Court (Youngdahl, J.) filed an opinion reviewing the history of the case. After referring to the ruling in Williams v. Overholser, D. C.Cir., 259 F.2d 175 (July 2, 1958), that hearings under Section 24–301(a) were to be conducted only to determine competency to stand trial and nothing more, he said the remaining issue was the sufficiency of the evidence to support the finding of insanity. Said Judge Youngdahl, "The proper court to determine this issue is the Municipal Court of Appeals where petitioner's

2. The court cited Barry v. Hall, 68 App. D.C. 350, 358, 98 F.2d 222, 230; Williams v. United States, 102 U.S.App.D.C. 51, 250 F.2d 19, 26; Overholser v. Williams, 102 U.S.App.D.C. 248, 252 F.2d 629.

case is now pending." He ruled this was not a proper issue to be decided in a habeas corpus proceeding, and denied the writ. He referred to a sworn statement in the record by the Superintendent of St. Elizabeths Hospital to the effect that as of August 1, 1958 Williams was suffering from a chronic brain syndrome with a behavioral reaction, and that he was dangerous to himself and others and should be in a mental institution. He closed his opinion thus: "The Court of Appeals has urged the District to utilize the civil commitment procedure.[3] This Court would also recommend that avenue. Should it choose to pursue this course, the District would accomplish its result quickly and further appellate proceedings would be unnecessary."

■ There was no appeal from Judge Youngdahl's decision and the case is now before this court for review of the action taken in the Municipal Court. Of various errors assigned we need discuss only one: the sufficiency of the evidence to support the finding of insanity. The record shows that the trial judge in finding defendant not guilty because of insanity relied on his own earlier (April 21, 1958) finding on the subject. But it is plain from Williams v. Overholser, D.C.Cir., 259 F.2d 175, that any hearing under Section 24-301(a) must be on the issue of competency to stand trial, and nothing more. It was therefore not open to the trial judge to use the April evidence as a basis for his later decision.

3. See Williams v. United States, 102 U.S. App.D.C. 51, 250 F.2d 19. See also, separate opinion of Washington, Circuit

■ Thus there is no other evidence in the case except that of the police officer. And he really said nothing more than that when arrested on February 3, 1958 Williams seemed to be drunk and was acting strangely. He was asked nothing, and said nothing, about his prisoner's sanity. Plainly, it must be held that there was no evidence to support the finding that defendant was not guilty of intoxication because of insanity. That finding must be reversed.

We have taken the time to deal most carefully with this case in all its distressing ramifications and with full awareness of our duty to the public as well as to this defendant and others in the same situation. That duty impels us to call attention, as other courts and judges have done so plainly and even urgently, to civil commitment procedure as the real solution of the problems inherent in this case.

We are aware that one attempt in that direction failed because of insufficient allegations in the petition. In re Williams, D.C., 157 F.Supp. 871, (Opinion per Keech, J.), affirmed Overholser v. Williams, 1958, 102 U.S.App.D.C. 248, 252 F.2d 629. But in the year which has elapsed stronger reports and fuller information have been developed and presented, and there should now be no difficulty in preparing a petition which will meet statutory requirements.

Reversed with instructions to set aside order of commitment of July 18, 1958.

Judge, filed October 30, 1958, in Clatterbuck v. United States, D.C.Cir., —— F.2d ——.