**UNITED STATES, Appellant,**

v.

**Clyde L. LIMBER, Appellee.**

No. 3305.

District of Columbia Court of Appeals.

Argued June 3, 1963.

Decided June 27, 1963.

Paul A. Renne, Asst. U. S. Atty., with whom David C. Acheson, U. S. Atty., Frank Q. Nebeker and Edmond T. Daly, Asst. U. S. Attys., were on the brief, for appellant.

Donald B. Gentry, Washington, D. C., for appellee.

Before HOOD, Chief Judge, and QUINN and MYERS, Associate Judges.

HOOD, Chief Judge.

The basic facts in this case are quite similar to those in Lynch v. Overholser, 369 U.S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211, and this appeal by the Government challenges the trial court's interpretation of the Lynch decision.

Limber, appellee here, was charged with petit larceny and committed to D. C. General Hospital for a period of thirty days to determine his competency to stand trial. A psychiatrist on the staff of the hospital reported to the court that Limber was of "unsound mind, unable to understand the charges against him, and incapable of assisting counsel in his own defense," and also that the alleged offense was a product of his mental illness. Finding that Limber was unable to understand the charges against him and incapable of assisting counsel in his own defense, the court committed him to Saint Elizabeths Hospital. About three and one-half months later the Superintendent of Saint Elizabeths Hospital informed the court that Limber was then competent to assist counsel in his defense and asked that he be returned to stand trial, noting, however, that he was still suffering from a mental illness—Schizophrenic Reaction, Chronic Undifferentiated Type—and that the alleged offense was the product of his illness.

The following month Limber appeared in court and demanded trial by jury. This demand was later withdrawn and trial by the court was had.

Prior to introduction of any evidence defense counsel advised the court that the defense of insanity would not be raised, that the defendant maintained he was suffering from no mental disease at the time of the alleged offense and that he objected to any evidence which the Government might introduce relating to his mental condition. After Government counsel stated that in

view of information contained in the official court papers, the Government felt obligated to present psychiatric testimony for the court's consideration, the court overruled defendant's objection.

In the course of trial the Government offered testimony as to the commission of the offense by Limber, and also testimony by a lay witness and a psychiatrist relating to defendant's mental condition. It was the opinion of the psychiatrist that Limber was suffering from a major mental disorder, that the crime was a product of this disorder, that Limber continued to suffer from the disorder, was dangerous to himself and to others, and needed further psychiatric care.

Limber took the stand, denied taking the property, and denied that he was suffering from any mental illness either at the time of the alleged offense or at the time of trial.

The trial court found (1) that Limber was competent to stand trial, (2) that he committed the act of petit larceny, and (3) that the court had a reasonable doubt concerning Limber's ability to form the required criminal intent at the time he committed the act; and then ordered judgment of not guilty on the ground that defendant "was insane at the time of the commission of the offense."

The situation then was the same as in Lynch. Limber, although refusing to raise the issue of his sanity and objecting to the issue being raised by the prosecution, had been found not guilty by reason of insanity. And, as in Lynch, the question arose as to the next step.

In Lynch the trial court followed the mandatory provision of Code 1961, 24–301 (d) and ordered Lynch committed to Saint Elizabeths. In habeas corpus proceedings in the United States District Court, it was held that Lynch's commitment was illegal and he was ordered released unless civil commitment proceedings were entered against him. On appeal this ruling was reversed, the United States Court of Appeals holding that Lynch was properly com-mitted under § 24–301(d). Overholser v. Lynch, 109 U.S.App.D.C. 404, 288 F.2d 388. This ruling was reversed by the Supreme Court which held that if a defendant, "despite his own assertions of sanity, is found not guilty by reason of insanity, § 24–301(d) does not apply." Lynch v. Overholser, 369 U.S. 705, 719–720, 82 S.Ct. 1063, 1072, 8 L.Ed.2d 211.

It is clear under Lynch that in the present case Limber could not be committed under § 24–301(d). It is also plain that civil commitment proceedings could be commenced against Limber. The question here is whether, as an alternative to civil commitment, the trial court had jurisdiction to conduct a hearing and order commitment under § 24–301(a). The Government moved for such a hearing but the trial court ruled it lacked jurisdiction to hold a hearing under § 24–301(a). This appeal is from that ruling.

Prior to Lynch it was held that § 24–301(a) was limited in its application to the question of competency to stand trial and provided for confinement to a mental institution if the trial court "finds that because of unsoundness of mind or for any other reason he [the accused] is mentally incompetent to stand trial." Williams v. Overholser, 104 U.S.App.D.C. 18, 19, 259 F.2d 175, 176. But in Lynch the Supreme Court, referring to § 24–301(a), said the inquiry under this section "is not limited to the accused's competence to stand trial," and "appears to be as available after the jury returns a verdict of not guilty by reason of insanity as before trial." 369 U.S. 705, 719, 82 S.Ct. 1063, 1072. The court concluded its opinion with these words:

"In light of the foregoing considerations we conclude that it was not Congress' purpose to make commitment compulsory when, as here, an accused disclaims reliance on a defense of mental irresponsibility. This does not mean, of course, that a criminal defendant has an absolute right to have his guilty plea accepted by the court. As

provided in Rule 11, Fed.Rules Crim. Proc., 18 U.S.C.A., and Rule 9, D.C. Munic.Ct.Crim.Rules, the trial judge may refuse to accept such a plea and enter a plea of not guilty on behalf of the accused. We decide in this case only that if this is done and the defendant, despite his own assertions of sanity, is found not guilty by reason of insanity, § 24–301(d) does not apply. If commitment is then considered warranted, it must be accomplished either by resorting to § 24–301(a) or by recourse to the civil commitment provisions in Title 21 of the D.C. Code."

On the surface, at least, Lynch holds that in a case such as the present a hearing and commitment may be had under § 24–301(a); but appellee argues—and apparently such was the position of the trial court—that the statements in the Lynch decision as to the availability of § 24–301(a) in this situation are dicta and ought not to be construed as authorizing a hearing under § 24–301(a).

We cannot agree that the Supreme Court's references to § 24–301(a) constitute dicta. The court, in holding that § 24–301 (d) was not applicable, of necessity considered all sections of the statute, and in holding that Lynch could not be committed under the mandatory provision of § 24–301(d), was faced with the problem of what proceedings could be had against him for commitment. Obviously civil proceedings for commitment could be had under § 21–310, and if that were the only available proceeding it appears to us the Supreme Court would have so stated. But the Court did not so state. Instead it discussed at some length the procedure under § 24–301 (a) and concluded that the procedure under that section was available after a verdict of not guilty by reason of insanity. It then said that in a Lynch-type situation when § 24–301(d) is not applicable, if commitment is considered warranted it "must be accomplished either by resorting to § 24–301(a) or by recourse to the civil commitment provisions * * *."

We cannot ignore this plain language and must hold that the Supreme Court has decided that in the situation here presented the trial court has authority to conduct a hearing under § 24–301(a). The trial court was in error in ruling that it lacked jurisdiction to conduct such a hearing, and its ruling is reversed and the cause is remanded for further proceedings consistent with this opinion.[1]

1. After this opinion was prepared the United States Court of Appeals for the District of Columbia Circuit rendered its decision in Cameron v. Fisher, 116 U.S. App.D.C. ——, 320 F.2d 731. That opinion discusses the ruling in Lynch as applicable to the facts there presented, but does not decide the question here presented.