Samuel L. **SOLOMON**, Appellant,

v.

Dale C. **CAMERON**, Superintendent, Saint Elizabeths Hospital, Appellee.

No. 19685.

United States Court of Appeals District of Columbia Circuit.

Argued July 19, 1966.

Decided April 3, 1967.

**171**

Mr. Robert A. Marmet, Washington, D. C., with whom Mr. Edwin R. Schneider, Jr., Washington, D. C., (both appointed by this court), was on the brief, for appellant. Mr. Peter L. Koff, Washington, D. C., was also on the brief for appellant.

Mr. Theodore Wieseman, Asst. U. S. Atty., with whom Messrs. David G. Bress, U. S. Atty., Frank Q. Nebeker and Earl J. Silbert, Asst. U. S. Attys., were on the brief, for appellee.

Before BAZELON, Chief Judge, and TAMM and LEVENTHAL, Circuit Judges.

### ORDER

PER CURIAM.

On consideration of appellee's suggestion of mootness, it is

Ordered by the court that the aforesaid motion be granted and this appeal is dismissed as moot.

PER CURIAM:

Appellant was acquitted by reason of insanity in the Court of General Sessions on a charge of passing a check under false pretenses, a misdemeanor for which the maximum imprisonment is one year.[1] He was thereupon summarily committed to Saint Elizabeths Hospital pursuant to the mandatory provisions of D.C.Code § 24–301(d).[2] Except for two periods of conditional release totalling approximately fifteen months, he has been confined at the Hospital for over four years, since 1962. Appellant brought this habeas corpus action, alleging, *inter alia,* that he was not dangerous within the meaning of the release provisions of D.C. Code § 24–301(e),[3] and that he was not receiving treatment for his mental condition. He appealed from the District Court's denial of relief.

Dr. Platkin, Chief of Service at John Howard Pavilion, where appellant was confined, testified at the habeas corpus hearing that appellant "shows a very serious character disorder and defect," and that there had been no "significant degree of improvement; and I don't see any great prospects for the future." It was also shown that appellant's two prior conditional releases had been revoked at least in part because he had incurred heavy debts which he could not repay in order to purchase items he did not need. This behavior was, according to the psychiatrists, a symptom of appellant's mental illness, and it was the basis for

1. D.C.Code § 22–1301 (1961).

2. "If any person tried * * * for an offense * * * is acquitted solely on the ground that he was insane at the time of its commission, the court shall order such person to be confined in a hospital for the mentally ill." D.C.Code § 24–301 (d) (1961).

3. Unconditional release, under Subsection (e), requires a certificate of the superintendent of the mental hospital "(1) that such person has recovered his sanity, (2) *that, in the opinion of the superintendent, such person will not in the reason-*

*able future be dangerous to himself or others,* and (3) in the opinion of the superintendent, the person is entitled to his unconditional release from the hospital * * *." D.C.Code § 24–301(e) (1961). (Emphasis supplied.) To establish eligibility for release on habeas corpus, the patient must prove "freedom from such abnormal mental condition as would make the individual dangerous to himself or the community in the reasonably foreseeable future." Overholser v. Leach, 103 U.S. App.D.C. 289, 292, 257 F.2d 667, 670 (1958), cert. denied, 359 U.S. 1013, 79 S.Ct. 1152, 3 L.Ed.2d 1038 (1959).

their conclusion that he was dangerous and thus ineligible for release.[4]

Nevertheless, after this appeal was argued, submitted, and pending our decision, the Hospital requested the Court of General Sessions to release appellant unconditionally. The release was granted. The Government and appellant now seek to dismiss the instant petition as moot.

Although this appeal raises substantial questions concerning the scope of mandatory commitment and its relation to the 1964 Hospitalization of the Mentally Ill Act,[5] we agree that the appeal should be dismissed, since this may well be in appellant's best interests. *Cf.* Henderson v. United States, 123 U.S.App. D.C. 380, 387, 360 F.2d 514, 521 (1966) (concurring opinion).

---

4. None of the experts expressed the opinion that appellant would be likely to pass a check under false pretenses if released, and the District Court did not find that he would.

5. D.C.Code §§ 21-501—21-591 (Supp. V, 1966). See, *e.g.,* Baxstrom v. Herold, 383 U.S. 107, 86 S.Ct. 760, 15 L.Ed.2d 620 (1966) ; Lynch v. Overholser, 369 U.

S. 705, 82 S.Ct. 1063, 8 L.Ed.2d 211 (1962) ; Cameron v. Mullen, No. 20238, decided March 2, 1967; Rouse v. Cameron, 125 U.S.App.D.C. ——, 373 F.2d 451 (1966) ; Overholser v. Russell, 108 U.S. App.D.C. 400, 283 F.2d 195 (1960) ; People v. Lally, 19 N.Y.2d 27, 277 N.Y.S. 2d 654, 224 N.E.2d 87 (1966).