**HILL v. UNITED STATES.**

No. 11818.

United States Court of Appeals
Sixth Circuit.

July 7, 1953.

Writ of Certiorari Denied Oct. 19, 1953.

See 74 S.Ct. 75.

William J. Keating, Cincinnati, Ohio (James Francis Hill, per se, on the brief), for appellant.

John H. Reddy, U. S. Atty., Chattanooga, Tenn. (John H. Reddy, U. S. Atty., Chattanooga, Tenn., on the brief), for appellee.

Before SIMONS, Chief Judge, and McALLISTER and MILLER, Circuit Judges.

McALLISTER, Circuit Judge.

Appellant was arrested on November 4, 1952, by the United States Marshal at Bartow, Florida, upon a warrant issued by the District Judge for the Eastern District of Tennessee, to answer a complaint charging him with a violation of Title 18 United States Code, Section 2312, in which it was set forth that on October 23, 1952, he had transported, in interstate commerce, a stolen motor vehicle, knowing the same to have been stolen, and also with violation of Title 18 United States Code, Section 1201, in which it was set forth that on the same date, he had kidnapped one George Hershel Myers, whom he had taken from Tennessee to Georgia. Subsequently, separate indictments were returned by the grand jury, charging him with the commission of the above mentioned offenses. Upon being arraigned on November 12, 1952, the District Judge refused to accept appellant's guilty plea and appointed able counsel to protect his rights. Thereafter, upon motion of his counsel, appellant was examined by a qualified psychiatrist who furnished a report of his examination to the District Judge and to appellant's counsel, in which appellant's condition was diagnosed as paranoia. In accordance with the provisions of Title 18 United States Code, Section 4244,[1] a hearing was then held before the District Judge

1. Title 18 United States Code, Section 4244, provides as follows:

"4244. *Mental incompetency after arrest and before trial.* Whenever after arrest and prior to the imposition of sentence or prior to the expiration of any period of probation the United States Attorney has reasonable cause to believe that a person charged with an offense against the United States may be presently insane or otherwise so mentally incompetent as to be unable to understand the proceedings against him or properly to assist in his own defense, he shall file a motion for a judicial determination of such mental competency of the accused, setting forth the ground for such belief with the trial court in which proceedings are pending. Upon such a motion or upon a similar motion in behalf of the accused, or upon its own mo-

tion, the court shall cause the accused, whether or not previously admitted to bail, to be examined as to his mental condition by at least one qualified psychiatrist, who shall report to the court. For the purpose of the examination the court may order the accused committed for such reasonable period as the court may determine to a suitable hospital or other facility to be designated by the court. If the report of the psychiatrist indicates a state of present insanity or such mental incompetency in the accused, the court shall hold a hearing, upon due notice, at which evidence as to the mental condition of the accused may be submitted, including that of the reporting psychiatrist, and make a finding with respect thereto. No statement made by the accused in the course of any examination into his sanity or mental compe-

as to the mental competency of appellant to stand trial, and the physician who, as a psychiatrist, had examined appellant, testified in open court. Upon conclusion of the hearing, the court found as a fact that appellant was mentally incompetent, and thereupon entered an order reciting that it appeared to the court, after receiving medical report and hearing oral testimony in open court, that appellant was so mentally incompetent as to be unable to understand the proceedings against him or to properly assist in his own defense or advise his counsel. The District Court, accordingly, ordered that appellant be committed to the custody of the Attorney General or his authorized representative until he should be mentally competent to stand trial or until the pending charges against him were disposed of according to law.[2]

In accordance with the order of the court, appellant was committed to the medical center for federal prisoners at Springfield, Missouri. Appellant thereafter filed a motion with the District Court, entitled "Motion under Rule 35 of Federal Rules of Criminal Procedure [18 U.S.C.A.] to Correct Sentence Illegally Imposed Conformable to Title 28, Section 2255," and recited that "Comes now James Francis Hill petitioner (Title 28, Section 2255) and moves the Honorable Court to set aside and vacate judgment and illegal confinement * * *

imposed upon the petitioner * * *," and petitioned the court to discharge him from further custody on the ground that the statute under which he is being held is unconstitutional. The District Court denied the motion and this appeal is taken to review the denial of such motion.

■■ Rule 35 of the Federal Rules of Criminal Procedure, upon which the motion to vacate the sentence is based, provides for a correction or reduction of sentence.[3] Title 28 U.S.C.A. Section 2255, provides remedies on motion attacking sentence and sets forth that a prisoner in custody under sentence of a court established by Act of Congress may, upon various grounds, move the court which imposed sentence to vacate, set aside, or correct the sentence. However, appellant was not arraigned or sentenced for the commission of any offense against the criminal laws. He is not suffering punishment for which, under the law, sentence is imposed. See Rule 32(a) of the Federal Rules of Criminal Procedure. Accordingly, appellant does not come within the purview of the rule relating to correction of sentence or of Title 28 U.S.C.A., Section 2255. No question is raised as to the fact that appellant is mentally incompetent and unable to assist in any defense of the charges made against him, and, in fact, it is admitted that he is insane. However, it is claimed that he is entitled to be released to the state author-

---

tency provided for by this section, whether the examination shall be with or without the consent of the accused, shall be admitted in evidence against the accused on the issue of guilt in any criminal proceeding. A finding by the judge that the accused is mentally competent to stand trial shall in no way prejudice the accused in a plea of insanity as a defense to the crime charged; such finding shall not be introduced in evidence on that issue nor otherwise be brought to the notice of the jury. Added Sept. 7, 1949, c. 535, § 1, 63 Stat. 686."

2. Title 18 United States Code, Section 4246, provides as follows:
"4246. *Procedure upon finding of mental incompetency.* Whenever the trial court shall determine in accordance with sections 4244 and 4245 of this title that an accused is or was mentally incompetent, the court may commit the accused to the custody of the Attorney

General or his authorized representative, until the accused shall be mentally competent to stand trial or until the pending charges against him are disposed of according to law. And if the court after hearing as provided in the preceding sections 4244 and 4245 shall determine that the conditions specified in the following section 4247 exist, the commitment shall be governed by section 4248 as herein provided. Added Sept. 7, 1949, c. 535, § 1, 63 Stat. 686."

3. "Rule 35. *Correction or Reduction of Sentence.* The court may correct an illegal sentence at any time. The court may reduce a sentence within 60 days after the sentence is imposed, or within 60 days after receipt by the court of a mandate issued upon affirmance of the judgment or dismissal of the appeal, or within 60 days after receipt of an order of the Supreme Court denying an application for a writ of certiorari."

ities in Florida where he was arrested, or to the state authorities in Massachusetts, his place of residence, for detention as a mentally incompetent or insane person; and interesting arguments are submitted by counsel for appellant and by the government in this regard. See Higgins v. McGrath, D.C. Mo., 98 F.Supp. 670; Dixon v. Steele, D.C. Mo., 104 F.Supp. 904; and Wells v. Attorney General of the United States, 10 Cir., 201 F.2d 556. All of these cases involved habeas corpus proceedings, and a petition for a writ of habeas corpus is the usual way to bring before the court unlawful detention on grounds of insanity.

In the case before us, appellant did not receive any sentence for a criminal offense and a motion to correct or vacate sentence, under these circumstances, must be dismissed.

In accordance with the foregoing, the order of the District Court is affirmed.