**Julian H. LEWIS, Appellant**

v.

**Winfred OVERHOLSER, Superintendent, St. Elizabeths Hospital, Appellee.**

**No. 15341.**

United States Court of Appeals
District of Columbia Circuit.

Argued Dec. 9, 1959.

Decided Jan. 7, 1960.

Mr. Richard Arens, Washington, D. C. (appointed by this Court) for appellant.

Mr. John D. Lane, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before WILBUR K. MILLER, BAZELON and WASHINGTON, Circuit Judges.

WILBUR K. MILLER, Circuit Judge.

In October, 1954, Julian H. Lewis was before the Municipal Court for the District of Columbia charged with two offenses of assault. Prima facie evidence that he was of unsound mind having been submitted before trial, the court caused a jury to inquire into his sanity.[1] Pursuant to its verdict that Lewis was insane, the court so adjudged, and he was

---

1. This was done under § 24-301, D.C.Code (1951), which then read as follows:

"When any person tried upon an indictment or information for an offense or tried in the juvenile court of the District of Columbia for an offense, is acquitted on the sole ground that he was insane at the time of its commission, that fact shall be set forth by the jury in their verdict; and whenever a person is indicted or is charged by an information for an offense, or is charged in the juvenile court of the District of Columbia with an offense, and before trial or after a verdict of guilty, it shall appear to the court, from prima facie evidence submitted to the court or from

the evidence adduced at the trial, that the accused is then of unsound mind, the court may order the accused committed to the Gallinger Municipal Hospital for a period not exceeding thirty days, which period may be extended by the court for good cause shown. for examination and observation by the psychiatric staff of said hospital. If, after examination and observation, the said psychiatric staff shall report that in their opinion the accused is insane, the court may cause a jury to be impaneled from the jurors then in attendance on the court or, if the regular jurors have been discharged, may cause a sufficient number of jurors to be drawn to inquire

sent to St. Elizabeths, in accordance with the statute quoted in the margin.

May 27, 1959, Lewis filed in the United States District Court a petition for a writ of habeas corpus in which he made Dr. Winfred Overholser, Superintendent of St. Elizabeths Hospital, the respondent. Apparently drawn without the assistance of an attorney, the petition was somewhat inaptly worded and did not meet the requirements set out in Dorsey v. Gill.[2] It contained, however, what we regard as a crucial statement: "Your petitioner alleges that he is of sound mind * * *." On the same day, the District Court permitted the petition to be filed without prepayment of costs and directed the respondent to show cause why the writ of habeas corpus should not issue.

A return to the rule to show cause was filed June 3, 1959, by the Acting Superintendent of St. Elizabeths, with a copy of the Municipal Court's judgment attached. The return alleged Lewis to be of unsound mind, listed details concerning the mental malady from which he suffers, and gave it as the opinion of the respondent and other members of the St. Elizabeths' medical staff acquainted with Lewis' mental condition that he

"is not mentally competent for trial and he would be dangerous to himself and the rights of persons and property would be jeopardized and the preservation of public peace imperiled were he to be discharged into the community."

Upon consideration of the petition and the return to the rule, the District Court on June 11, 1959, discharged the rule to show cause and dismissed the petition for a writ of habeas corpus. This court allowed Lewis to appeal in forma pauperis and appointed counsel to represent him.

An issue of fact as to whether petitioner has regained his sanity was presented, as he alleged he is of sound mind and the respondent denied the allegation. The District Court resolved the issue against petitioner without a hearing. This, we think, was error. Even though it may seem impossible for the petitioner to sustain his allegation of recovered sanity, he is entitled to be heard when for the first time [3] he raises the question of fact; otherwise, the availability of the historic writ would be unduly restricted. We hold a writ of habeas corpus should be issued and a hearing [4] conducted. The case is remanded for that purpose.

Reversed and remanded.

---

into the sanity of the accused, and said inquiry shall be conducted in the presence and under the direction of the court. If the jury shall find the accused to be then insane, or if an accused person shall be acquitted * * * solely on the ground of insanity, the court may certify the fact to the Federal Security Administrator, who may order such person to be confined in the hospital for the insane, and said person and his estate shall be charged with the expense of his support in the said hospital. The person whose sanity is in question shall be entitled to his bill of exceptions and an appeal as in other cases. (Mar. 3, 1901, 31 Stat. 1340, ch. 854, § 927; Apr. 14, 1906, 34 Stat. 113, ch. 1624; July 2, 1945, 59 Stat. 311, ch. 217.)"

2. 1945, 80 U.S.App.D.C. 9, 148 F.2d 857.

3. The record does not show any former petition for habeas corpus by Lewis, and the District Court did not indicate that the present petition is repetitious.

Stewart v. Overholser, 1950, 87 U.S.App. D.C. 402, 407, 186 F.2d 339, 344.

4. Section 24–301, as reproduced in footnote 1, was in effect when Lewis was committed, but was substantially amended in 1955. Thereafter, rather than a general provision for finding insanity, two procedures were provided: (1) a determination of competency to stand trial, always to be made without a jury, and (2) the procedure to be followed after trial upon a jury verdict of acquittal by reason of insanity. Counsel for Lewis argues that, therefore, and also in view of its legislative history, Congress had intended § 24–301 as it was before the 1955 amendment to provide for no more than a determination of mental competency to stand trial; and that, when Lewis was committed, the only way insanity could be determined was under § 21–306 et seq., D.C.Code (1951), which was not followed in his case. These are arguments which may be presented to the District Court at the habeas corpus hearing.