James E. **CLATTERBUCK**, Appellant

v.

Winfred **OVERHOLSER**, Superintendent of St. Elizabeths Hospital, Appellee.

No. 15419.

United States Court of Appeals District of Columbia Circuit.

Argued Feb. 25, 1960.

Decided March 24, 1960.

Petition for Rehearing En Banc Denied April 22, 1960.

* Sitting by designation pursuant to 28 U.S.C. § 294(a).

Mr. Lawrence S. Lesser, Washington, D. C. (appointed by this court) for appellant.

Mr. John Jude O'Donnell, Asst. U. S. Atty., Washington, D. C., for appellee. Messrs. Oliver Gasch, U. S. Atty., Carl W. Belcher, Asst. U. S. Atty. and Walter J. Bonner, Asst. U. S. Atty., Washington, D. C., at the time the brief was filed, were on the brief for appellee.

Before DANAHER, BASTIAN and BURGER, Circuit Judges.

BASTIAN, Circuit Judge.

This is an appeal from a judgment of the District Court dismissing a petition for habeas corpus, discharging the writ and remanding the petitioner (appellant) to the custody of the respondent, Superintendent of St. Elizabeths Hospital (appellee).

The petition recites that petitioner was, on May 5, 1959, found to be a sexual psychopath within the meaning of § 22–3501 et seq. D.C.Code (1951);

that he was committed to St. Elizabeths Hospital, where he was confined at Howard Hall against his will and in violation of the Sexual Psychopath Act,[1] such hall being maintained for the confinement of the violent, criminal and hopelessly insane. Petitioner claims that because of his unlawful detention in Howard Hall, he is being subjected to constant threats to his life and to serious bodily harm by the criminally insane; that he is in constant fear for his life and of serious bodily harm to the extent that he is unable to sleep and is afraid to go to sleep at night; that he is being denied medication because he does not perform manual duties assigned to him, when in fact he is unable to perform such duties; and that he is presently confined in a dormitory with fifteen criminally insane persons. He avers that no criminal charges are pending against him and that he is not insane, violent or dangerous and should not be kept in Howard Hall but in some other part of the hospital. He does not contest being held at St. Elizabeths Hospital.

The court duly authorized the filing of the petition and directed the writ to issue returnable on August 14, 1959. The answer of the respondent was duly filed, in effect denying the essential elements of the complaint. The answer stated, among other things, that the maximum security section was maintained for those patients who, in the opinion of the respondent and other physicians of the medical staff of St. Elizabeths Hospital, require treatment in a maximum security unit for security reasons. Respondent further stated that none of the patients in that section are considered hopelessly insane; that petitioner is suffering from sociopathic personality disturbance, sexual deviation; that he is dangerous to others and is properly assigned to the maximum security unit; and that each patient committed to St. Elizabeths Hospital is carefully studied and evaluated by the respondent and oth-

[1] Section 22–3508 provides in part: "If the patient is determined to be a sexual psychopath, the court shall commit him to Saint Elizabeths Hospital to be confined there until released in accordance with section 22–3509."

er members of the medical staff of the hospital and is assigned to the section and ward of the hospital in which it is believed by the respondent and medical staff that the patient may receive the most efficacious care and treatment, one of the conditions being adequate security.

The case duly came on for hearing on the return day. Petitioner testified, as did the respondent and Dr. Robert E. Moran, Jr., a Junior Psychiatric Resident of St. Elizabeths Hospital, and Dr. David J. Owens, employed by and attached to St. Elizabeths Hospital as a physician specializing in psychiatry.

The District Court made the following findings, among others, all of which we believe are amply supported by the testimony:

"1. On May 5, 1959, after a hearing in open Court, James E. Clatterbuck was found to be a sexual psychopath within the meaning of Section 3503(1), Title 22, D.C.Code (1951 Edition) and was ordered committed to Saint Elizabeths Hospital until such time as the Superintendent of Saint Elizabeths Hospital shall find that Clatterbuck has sufficiently recovered so as not to be dangerous to other persons.

"2. On August 11, 1959, James E. Clatterbuck, through his attorney, filed a petition for a writ of habeas corpus, alleging he is illegally detained in Howard Hall at Saint Elizabeths Hospital and that he is in fear of his life and of serious bodily harm due to the alleged illegal contact with the other patients in Howard Hall.

\* \* \* \* \* \*

"4. The testimony of respondent, Dr. Winfred Overholser, and of Dr. David G. Owens, an expert in psychiatry on the staff of Saint Elizabeths Hospital, indicated that Howard Hall is not a place for the confinement of the violent, criminal,

hopeless insane but is the maximum security part of Saint Elizabeths Hospital where all types of patients, criminal and non-criminal, are sent, for security reasons, to receive treatment for their mental condition.

"5. The petitioner has failed to bear his burden of proving that his life is in danger or that he is in danger of serious bodily harm from other patients in Howard Hall.

"6. Petitioner does not claim that he has recovered from his sexual deviation and is being illegally detained but merely contends that the detention at Howard Hall is illegal and that he should be transferred to another part of Saint Elizabeths Hospital.

"7. The testimony adduced at the hearing shows that James E. Clatterbuck has not sufficiently recovered; he is presently a sex psychopath; he is presently dangerous to others; and he is assigned to Howard Hall because he is a security risk and because of his present potential danger to others."

The testimony of the respondent Overholser and of Dr. Owens was to the effect that in their opinion petitioner is a present danger to others and that, should he escape from the hospital, he would again be a threat to minors for sexual abuse.[2]

The doctors further testified that petitioner's condition is such that he should be confined to the maximum security ward of the hospital, where those patients are kept who are most likely to leave the hospital if not kept under careful confinement. Dr. Overholser testified that by a great majority the patients in Howard Hall are orderly and well behaved and the atmosphere, on the whole, is generally calm.

Petitioner relies heavily on Miller v. Overholser, 1953, 92 U.S.App.D.C. 110, 206 F.2d 415. There this court remanded the case because of statements of petitioner that he had been assaulted by

2. Petitioner had previously been convicted of an indecent act upon a minor. He is not presently confined for this offense, having served his sentence.

mentally deranged persons and the allegations had been undenied. We directed the District Court to make findings as to Miller's confinement and, if it found the conditions to be substantially in accord with the allegations but that continued confinement was required, to issue an order directing the hospital authorities to transfer Miller to a proper place in that institution for treatment.

In the present case, however, after full hearing, the allegations made by petitioner were completely refuted;[3] and, in addition, there is medical testimony that he should not be transferred to another part of the hospital.

Nor does Benton v. Reid, 1956, 98 U.S. App.D.C. 27, 231 F.2d 780, cited by petitioner, aid him. There the petitioner, a chronic sufferer from tuberculosis in communicable form, was caused to be confined in the hospital section of the District of Columbia jail following a finding that his being at large would endanger public safety (§ 6–119b, D.C. Code (1951)) and following an order of the Municipal Court for his detention. He applied for a writ of habeas corpus. We held that the hospital section was in fact an integral part of the jail, was similarly barred and guarded, and that his confinement in the jail, even in the hospital section thereof, was "plainly not authorized." We directed his discharge from custody, without prejudice to the right of the District of Columbia to transfer him to a hospital or other proper place.

At the present time, petitioner is being held in St. Elizabeths Hospital as required by § 22–3508, where treatment is available to him[4] and where he is under adequate security. We do not believe we should substitute our judgment for that of the Superintendent of St. Elizabeths Hospital and, accordingly, the judgment of the District Court is

Affirmed.

---

3. The record discloses testimony that Howard Hall housed very few patients to whom the term "violent" could be applied, and Dr. Overholser could not recall a single instance, over a period of twenty-two years' service at the hospital, where a patient had been seriously assaulted by another patient.

4. Dr. Owens testified that petitioner is in a hospital environment and that he has the opportunity for group psychotherapy that is set up specifically for sexual psychopaths but has refused to attend.