**Leon C. RUCKER, Appellant**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15443.**

United States Court of Appeals
District of Columbia Circuit.

Argued Feb. 26, 1960.

Decided May 26, 1960.

Wilbur K. Miller, Circuit Judge, dissented.

---

Mr. Raymond N. Shibley, Washington, D. C. (appointed by this court) for appellant.

Mr. Daniel J. McTague, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before EDGERTON, WILBUR K. MILLER and FAHY, Circuit Judges.

FAHY, Circuit Judge.

Appellant, to whom we shall refer as defendant, was indicted March 24, 1958, on two counts. Count one charged assault with intent to kill, in violation of 22 D.C.Code § 501 (1951). Count two charged possession of a rifle with intent to use it unlawfully against another in violation of 22 D.C.Code § 3214(b) (Supp. VIII, 1960). The court ordered defendant committed to the District of Columbia General Hospital for mental examination pursuant to 24 D.C.Code § 301 (Supp. VIII, 1960), and subsequently found him to be of unsound mind and incompetent to understand the proceedings against him or properly to assist in his own defense. Defendant accordingly was committed to St. Elizabeths Hospital.

Thereafter the Acting Superintendent of the hospital reported to the court that defendant had become mentally competent to stand trial, to consult counsel and properly to assist in his own defense. Without objection from either the Government or counsel for defendant, the court thereupon entered an order that it had judicially determined defendant to be competent to proceed to trial.

The case came on to be tried by the judge alone May 4, 1959, trial by jury having been duly waived. The attorney representing the United States advised the court that the United States and defense counsel had entered into a stipulation of facts, which he stated orally as he understood the matter. The essence of the factual situation initially brought out in this manner was that when defendant's stepson, who lived with him, came home one day the two quarreled, defendant had a rifle in his hand, and, after telling his stepson that he was going to kill him and get rid of everyone else in the house, he fired one shot which went into the wall two or three feet from his stepson. Some further details were given by the prosecuting attorney, who then asked defendant and his counsel if they had any objection to the facts as thus stipulated. Defense counsel was satisfied but the court inquired of defendant himself, who said the facts as stated were not exactly true. At the court's suggestion a conference then took place between defendant and his counsel, after which the latter stated defendant did not agree with a certain part of the Government's statement. Principally he denied saying he told his stepson he was going to kill everyone in the house or that he had told the boy he was going to kill him; he said he told him to leave and when the boy decided to stay he fired the shot to scare him. The judge said he would accept as true the facts as then shown by the record. What facts the judge had in mind, however, were not stated to defendant in their entirety and accepted by him as true.

At this point in the trial a doctor on the staff of St. Elizabeths Hospital testified as to defendant's mental condition at the time of the alleged offenses.

On the basis of the foregoing the court found defendant not guilty by reason of

insanity. All this occurred May 4, 1959, and on the same day defendant was committed to St. Elizabeths Hospital. Four days later he wrote to the judge protesting that while he did not challenge the statement of the doctor, he did challenge the fact that the Government did not produce any witnesses to support the indictment. He requested reconsideration of the verdict and correction of the error and concluded his letter by stating he was filing "this Notice of Appeal."

The general verdict of not guilty by reason of insanity carried with it a finding that, except for the question as to his sanity defendant was guilty as charged.[1] Assuming the stipulation to be otherwise sufficient, and laying aside the question of sanity, the stipulated facts would not support a conviction of assault with intent to kill, charged in count one. The Government seems not to dispute this. But the Government does urge the sufficiency of the factual showing, the question of sanity again aside, to support a verdict of guilty on count two, charging possession of the rifle with intent to use it unlawfully against another.[2] Perhaps so; but we are faced with the problem whether defendant actually understood and acquiesced that the question of his guilt was being tried in this informal, conversational manner. It is not so much that he did not understand the meaning of the words spoken; it is that he does not appear to have understood and acquiesced in what was being accomplished, without witnesses or evidence. Cf. Julian v. United States, 6 Cir., 1956, 236 F.2d 155. That defendant knew the question of his guilt, mental competence aside, was being conceded on the basis of facts ambiguously pieced together as we have described, without submission to him for final agreement, and that he acquiesced in this concession, is left in too much doubt for us to accept the result with confidence. Appellant's prompt protest a few days after the verdict supports the view that he had not understood. We think in these circumstances he is entitled to a new trial.

Reversed and remanded.

WILBUR K. MILLER, Circuit Judge (dissenting).

I cannot concur in the reversal of the judgment which found the appellant not guilty by reason of insanity.

Because the only defense was insanity, appellant's counsel agreed that the facts concerning the alleged offenses should be stipulated, but that evidence should be introduced regarding the insanity issue. The prosecuting attorney stated the stipulation as he understood it. Minor amendments suggested by Rucker himself were stated by his counsel. Then the following occurred:

"The Court: Then, Mr. Rucker, do you now agree that the facts stated by the District Attorney, as amended by your attorney, in speaking to you, are the true facts?

"The Defendant: Well, they are the true facts except that I didn't tell the boy that I was going to kill everyone in the house.

"Mr. McIntyre [the Assistant U. S. Attorney]: Could I ask this question: Did you tell the boy that you would kill him?

"The Defendant: No, I told him to leave.

"Mr. McIntyre: Was anything said when you fired the shot?

"The Defendant: No, I didn't say anything afterward until he de-

---

1. 24 D.C.Code § 301(d) provides in pertinent part:

"If any person tried upon an indictment or information for an offense * * is acquitted solely on the ground that he was insane at the time of its commission, the court shall order such person to be confined in a hospital for the mentally ill."

2. The Government also takes the position that the stipulation supports a verdict of guilty of simple assault, which is a lesser offense included in the count charging defendant with assault with intent to kill. But defendant was not convicted of this lesser offense.

cided that he was going to stay there, and I fired the shot in order to scare him. Then, after that, he left.

"Mr. McIntyre: The Government is satisfied, your Honor.

"The Court: Very well. Then the Court will accept the facts, as now shown by the record as being the true facts."

Following the stipulation, a psychiatrist was introduced by the appellant who testified Rucker's action was the product of a mental disease from which he was then suffering. As the Government offered nothing to establish sanity, the court found Rucker not guilty by reason of insanity. This is the judgment from which he appeals.

The majority say:

" * * * That defendant knew the question of his guilt, mental competence aside, was being conceded on the basis of facts ambiguously pieced together as we have described, without submission to him for final agreement, and that he acquiesced in this concession, is left in too much doubt for us to accept the result with confidence * * *."

In my opinion, the stipulation of facts was not "ambiguously pieced together," but was a clear statement of what was undoubtedly criminal conduct, except for the plea of insanity. Nor do I agree that it was not submitted to Rucker. He expressly agreed to it, with the amendment that he did not intend to kill, but fired the shot to scare his stepson,—an amendment which was accepted by the Government and the court. I think the record shows Rucker knew exactly what was going on.

This stipulation, as amended by Rucker to eliminate an intent to kill, was sufficient to convict him under count 1 of simple assault, an offense included therein, and of the possession of a rifle with intent to use it unlawfully against another under count 2, except for the showing of insanity.

In reversing, the majority say the finding of not guilty by reason of insanity implies a finding that otherwise Rucker would have been guilty of assault with intent to kill. I do not agree. The judgment of not guilty by reason of insanity means, I think, that Rucker was not legally and morally responsible for the criminal acts he stipulated he had committed, which were included in the indictment.

When he committed those acts, Rucker was either an insane person or a vicious criminal, even though he fired the shot only to scare his stepson. I see no reason for him to complain when, on evidence introduced by him, he was classified as the former.