**Samuel CARTER, Appellant,**

v.

**UNITED STATES of America,**
**Appellee.**

**No. 15736.**

United States Court of Appeals District of Columbia Circuit.

Argued June 24, 1960.

Decided Sept. 22, 1960.

Mr. Colman B. Stein, Washington, D. C. (appointed by this court) for appellant.

Mr. Nathan J. Paulson, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before PRETTYMAN, Chief Judge, and WASHINGTON and DANAHER, Circuit Judges.

WASHINGTON, Circuit Judge.

In October, 1956, Carter was indicted on five counts for violation of the Miller Act, D.C.Code § 22–3501(a) (1951), and on five counts for sodomy, D.C.Code § 22–3502 (1951). At first he pleaded not guilty. Later, however, he pleaded guilty to two counts of sodomy, under circumstances to be described in this opinion. Sentences of imprisonment were in due course imposed on the two counts to which appellant had pleaded guilty.

Subsequently, Carter filed with the District Court at various times a number of pleadings, chiefly motions for reduction of sentence and petitions for relief under Section 2255 of Title 28 U.S.C. (1958). These were denied; no appeals followed. In June, 1959, appellant filed a petition in *coram nobis*, alleging principally the ineffective assistance of his counsel at the time of the original proceedings in the District Court. This petition was denied by the District Court. The present appeal ensued. We allowed the appeal to be filed in forma pauperis and appointed counsel to represent appellant.

Counsel so appointed strongly urges that the District Court erred in failing to order *sua sponte* that Carter be given a mental examination before the court accepted his plea of guilty. The claim of ineffective assistance of counsel is no longer urged. Present counsel argues that the District Court should have been on notice that Carter's acts were the product of a mental disease, since the indictment charged sodomy committed upon five different young boys, indicating that Carter must have been suffering from pedophilia, a mental disease. In these circumstances counsel claims the court had the duty, "under its inherent power, and without request, to order a mental examination."

The argument so made raises problems akin to those considered in Plummer v. United States, 1958, 104 U.S.App.D.C. 211, at page 212, 260 F.2d 729, at page 730, where we said: "Im-

portant considerations of public policy suggest that a compulsive sex offender who requires and can possibly be benefited by psychiatric treatment should be committed to a mental hospital for such treatment rather than confined in an ordinary penal institution." The question here, as in Plummer, is whether the record adequately shows that "appellant is in fact a person who should have been so dealt with," under the standards and procedures laid down by our laws. Appellant Carter, although indicted for certain sex offenses, was not described by the United States Attorney as being a "sexual psychopath," namely, "a person, not insane, who by a course of repeated misconduct in sexual matters has evidenced such lack of power to control his sexual impulses as to be dangerous to other persons because he is likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his desire." D.C.Code § 22–3503(1) (1951). If the United States Attorney had filed with the court "a statement in writing setting forth the facts tending to show that * * * [the accused] is a sexual psychopath," either on his own motion or at the direction of the court, a psychiatric examination would have followed, with possible commitment to St. Elizabeths Hospital. See D.C.Code §§ 22–3504 et seq. (1951). An alternative procedure would have been for the accused to move for a mental examination under D.C.Code § 24–301 (1951); such an examination might have shown incompetency to stand trial, or insanity at the time of the offenses. None of these procedures was followed, and on this record it is impossible to say whether or not any of them would have been justified, or what the outcome of any of them would have been.

■ Carter initially elected to plead not guilty to the charges against him. When his case was called for trial, however, he withdrew his plea, by prearrangement with the Government, and pleaded guilty to two counts of sodomy. The trial judge referred the case to the Probation Office, and the witnesses were excused.[1] Some six weeks later, the accused was brought before another judge of the District Court for sentencing. The judge gave Carter an opportunity to speak in his own behalf. This being declined, the judge imposed a sentence of

1. The record shows that the following transpired:

"The Clerk: Case of Samuel Carter; Mr. Stevas and Mr. Jones.

"Mr. Stevas [for the Government]: There will be a disposition in this case, Your Honor.

"If Your Honor pleases, in this case, the Defendant is charged by way of a ten-count indictment. Five counts charge the offense sodomy, and five counts charge the offenses of Miller Act violation, relating to five separate complainants.

"I have reviewed the facts and filed in the case; and I understand the Defendant desires to change his plea on Counts 2 and 10, which charge him with the offenses of sodomy, Count 2 with the complainant Douglas Peoples, Count 10 with the complainant Herbert Cornelius.

"I understand the Defendant wishes to do this, having been advised of his rights, no promises made to him, with the understanding at the time of sentencing, the Government will move to dismiss the remaining counts.

"Mr. Jones [court-appointed defense counsel]: That is true. I advised him of his right to trial by Court. It is his desire he enter a plea of guilty, to Counts 2 and 10, as spoken by Mr. Stevas.

"The Court: All right.

"The Clerk: Samuel Carter, are you entering a plea of guilty, to Counts 2 and 10 of this indictment, charging you with sodomy, because you are guilty and for no other reason?

"The Defendant: Yes, sir.

"The Clerk: Samuel Carter, in Criminal 1128–56, in which you are charged with sodomy and taking indecent liberties with a male child under the age of sixteen years of age, do you wish to withdraw your plea of not guilty, heretofore entered, and enter a plea of guilty, to Counts 2 and 10 of the indictment, charging you with sodomy?

"The Defendant: I do.

"The Court: Probation Office.

"The Clerk: All witnesses in the case of Samuel Carter are excused finally.

"(Whereupon the hearing on the matter was concluded.)"

3 to 9 years on each of the two counts to which Carter had pleaded guilty, to run consecutively. He could, under the statute, have given a sentence of 20 years on each count, to run consecutively. We presume that the sentencing judge had before him a detailed probation report, and reached his decision after considering it. We do not, of course, have that report as part of our record nor do we know what it said—if anything—about Carter's mental condition.

 For these reasons, we must conclude that appellant is not entitled to maintain this collateral attack upon the judgment of conviction. Whether the present petition be viewed as one under Section 2255, or as a "motion in the nature of a *coram nobis*," see Moon v. United States, 1959, 106 U.S.App.D.C. 301, 272 F.2d 530, it does not claim that Carter was not competent to stand trial. Cf. Bishop v. United States, 1955, 96 U.S. App.D.C. 117, 119–120, 223 F.2d 582, 584–585, vacated on other grounds, 1956, 350 U.S. 961, 76 S.Ct. 440, 100 L.Ed. 835. For all that appears, appellant and his former counsel concluded that a jail sentence on two of the ten counts would be preferable to a mental examination under the Miller Act or under Section 24–301 of the District of Columbia Code, with the possibility thereafter of an extended period of confinement in St. Elizabeths. No mental examination of any kind was requested, and the District Court was not bound to order one on its own motion, under the standards set by Section 24–301 and by the Miller Act, merely by reason of the nature of the crimes charged against appellant. That is a factor which may properly be considered by the trial judge. But it is not a factor which, standing alone, is sufficient to cause this court in a collateral proceeding to take the step of setting aside appellant's plea of guilty and the resulting judgment of conviction. Such action on our part would require us to find that no evidence supported the admission of responsibility which underlies a plea of guilty, thereby rendering the sentence violative of due process. Cf. Thompson v. City of Louisville, 1960, 362 U.S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654. On this record, we cannot so conclude.[2]

 It may be well to add that if Carter is presently "insane or of unsound mind or otherwise defective," the prison authorities may and presumably should transfer him to an appropriate institution, so that he may be given treatment for his condition. See 18 U.S.C. § 4241 (1958); D.C.Code § 24–302 (Supp. VIII, 1960) (where prisoner is "mentally ill"). And the community is not without means of protecting itself if at the time his sentence ends he is found to be a sexual psychopath, see D.C.Code § 22–3504(a), or to be "insane or mentally incompetent," see 18 U.S.C. § 4247; also D.C. Code §§ 21–310, 21–311, 21–326. On the general subject, see Clatterbuck v. United States, 1958, 105 U.S.App.D.C. 295, 266 F.2d 893; Clatterbuck v. Overholser, 1960, 107 U.S.App.D.C. 340, 278 F.2d 20. But the existence of these possibilities does not relieve the bench and bar of the responsibility of endeavoring to reach at the earliest possible stage—ideally, prior to trial and sentence—the approach to a particular case which appears most just and appropriate, having regard to the individual's mental condition, his history, and the possibility of rehabilitating him and restoring him to usefulness in the community.

In the instant case, the order of the District Court, denying the petition, will be

Affirmed.

2. We note that Carter further admitted his guilt in a letter to the District Judge who sentenced him, under date of May 7, 1958.