**Herbert T. O'BEIRNE, Appellant,**

v.

**Winfred OVERHOLSER, Superintendent, St. Elizabeths Hospital, Appellee.**

**No. 15634.**

United States Court of Appeals District of Columbia Circuit.

Argued June 17, 1960.

Decided Nov. 23, 1960.

Mr. Samuel B. Sterrett, Washington, D. C. (appointed by this court), for appellant.

Mr. Harry T. Alexander, Asst. U. S. Atty., with whom Messrs. Oliver Gasch, U. S. Atty., and Carl W. Belcher, Asst. U. S. Atty., were on the brief, for appellee.

Before FAHY, WASHINGTON and BURGER, Circuit Judges.

WASHINGTON, Circuit Judge.

This is a habeas corpus case. Appellant seeks release from custody at St. Elizabeths Hospital, to which he was committed by the Municipal Court of the District of Columbia, after having been charged with petit larceny and found not guilty by reason of insanity. Appellant's primary contention here is that Section 24-301 of the D.C.Code

(Supp. VIII, 1960), under which he was committed, is unconstitutional. That contention must fail. See Ragsdale v. Overholser, 1960, 108 U.S.App.D.C. 308, 281 F.2d 943.

Appellant's petition for the writ also alleged that he had no "semblance of a trial," and that his confinement at the Hospital was invalid for that reason. The petition says that he was arraigned before Judge Scott of the Municipal Court on October 18, 1957, accompanied by Mr. John Saul, his retained counsel. The petition goes on to say, in part:

> "When my case was called, I entered a plea of 'not guilty', at which time Judge Scott read a letter from John D. S[c]hultz, M. D., Chief Psychiatrist, D. C. General Hosp., addressed to the above-named attorney, John Saul, saying that the alleged crime (still neither stipulated nor proven), was a product of mental illness. He, Judge Scott, was then handed a letter which he read into evidence, addressed to Mr. Saul from Addison M. Duval, Acting Superintendent (regularly Asst. Supt.), St. Elizabeths Hosp.; advising that I had been discharged from St. Elizabeths Hosp., on Aug. 29, 1957, 'without Mental Disorder'.

> \* \* \* \* \*

> "Judge Scott then remarked that the letters in evidence being contradictory and the more recent one indicating that I was 'without mental disorder' that he was dismissing the case against me. Mr. Saul at this point asked the Court for a jury trial and Judge Scott vehemently denied it, saying 'there is no need for a jury trial, I am dismissing this case.'

> "At that point the corporation counsel interposed the advice to Judge Scott that under 24 D.C.Code 301, that the Court must commit me back to Saint Elizabeths Hospital. He, Judge Scott, then remarked that he was 'rusty' on those provisions of the law, but that if he must, he would reluctantly recommit me but

he further stated, 'I hope they keep you twenty minutes and discharge you', then, to Mr. Saul, he said, 'and if they don't, you get him out on a writ of Habeas Corpus.' "

The District Court held a hearing on the petition. At the hearing, it appeared that this was appellant's fourth habeas corpus petition. Responding to the first of these, No. 116-57, filed one month after appellant's commitment, the Assistant United States Attorney in charge of the case filed an affidavit asserting that a trial had been held. This same affiant—Mr. Altshuler—appeared at the hearing on the fourth (present) petition, and summarized the contents of his affidavit (as filed in No. 116-57), as follows:

> "That statement showed that the petitioner appeared by retained counsel in the Municipal Court, that the defense stipulated that the crime had been committed and by this defendant. It was a trial by the Court, by the way, I might say—no jury— that the defense counsel then submitted into evidence two letters, one from Saint Elizabeths Hospital, and the other from Dr. Schultz, D. C. General Hospital. Dr. Schultz's letter was read into evidence, and it said that the defendant was mentally ill at the time of the commission of the crime. The Government did not dispute that evidence, and both sides rested. Whereupon, Judge Scott found the defendant not guilty by reason of insanity and committed him."

Appellant's counsel at the most recent hearing offered to call O'Beirne's original trial counsel, Mr. John Saul. The trial judge stated that such action would not be necessary, and counsel below then stated: "The petitioner tells me that there was no sworn testimony taken at his trial. In fact, he had no trial. I can only relate what he said, not being present myself." The Government introduced the official file of the Municipal Court relative to the trial. That record consists only of docket entries as to the

plea and disposition of the case and does not contain a transcript or detailed summary of the proceedings.

The District Court made the following findings of fact and conclusions of law:

"This cause having come before the Court on a petition for a writ of habeas corpus, the writ having issued thereupon, and the Court having considered the petition, the return and answer thereto, and the evidence and argument adduced in open court, the Court makes the following findings of fact:

"1. The petitioner, Herbert T. O'Beirne, was committed to St. Elizabeths Hospital on October 18, 1957 by order of the Municipal Court for the District of Columbia, in accordance with the provisions of Title 24, Section 301, D.C.Code, as amended August 9, 1955.

"2. The Municipal Court file in Criminal Case No. U.S. 7391-56 * * * shows that petitioner was committed to St. Elizabeths Hospital following a trial by Court on the charge of petit larceny and a verdict of not guilty by reason of insanity.

"3. Respondent has not filed a certificate with the Court in accordance with Section 301(e), Title 24, District of Columbia Code, declaring that petitioner has recovered his sanity and will not in the reasonable future be dangerous to himself or others.

"4. No allegation has been made by petitioner, nor has any evidence been offered to the Court, that the failure of the respondent to file the required certificate of release was arbitrary or capricious.

"Wherefore the Court concludes as a matter of law that the petitioner's present detention is lawful and that his petition should be dismissed.

"/s/ Alexander Holtzoff
"Judge"

■ These findings and conclusions do not, in our view, meet the essential issue in the case—namely, whether O'Beirne had a *fair* trial, assuming that a trial did occur in the Municipal Court. The record before us does not indicate that O'Beirne has ever really had a hearing on his claim that he did not have a fair trial. Mr. Altshuler stated in the most recent hearing that each of the previous petitions had been dismissed for jurisdictional reasons. Judge Holtzoff did not allude to (nor are we aware of) any conclusions about the nature of the trial reached by the District Court on earlier petitions. And when O'Beirne's counsel sought to contradict the Government's affidavit concerning the trial, the judge refused to have Mr. Saul called as a witness. Under the circumstances, we think that he should have inquired further.

Furthermore, O'Beirne may have a meritorious complaint when he implies he did not understand the consequences of his insanity plea. He suggests that even Judge Scott presumed that he was to go free. And the submission of the medical affidavit from Dr. Duval—to the effect that O'Beirne was presently without mental disorder—may indicate that Mr. Saul believed that Judge Scott would release O'Beirne. If all this is so, a real issue is presented as to O'Beirne's claim that he was entitled to be informed of the consequences of his plea of insanity. Doubt exists also whether O'Beirne waived trial by jury; and, if he did, whether the waiver was knowingly and intelligently made. Compare Rucker v. United States, 1960, 108 U.S.App.D.C. 75, 280 F.2d 623 (direct appeal).

It is urged that the District Court was entitled to give weight to the presumption of regularity which attaches to the proceedings in the Municipal Court. But the allegations made seem to us to call for further explanation. Under all the circumstances, therefore, we conclude that the case should be remanded to the District Court, so that appellant may have an adequate opportunity to attempt to establish that he was not given a fair trial, under the principles applicable in habeas corpus cases. If he establishes this, the order of commitment should be

set aside, though the court may authorize O'Beirne's continued detention for such reasonable time as would enable the Government to start new proceedings against him, if it is so advised.[1]

■■ A word should be added as to appellant's choice of remedy. Habeas corpus is the traditional means of seeking release from illegal confinement. It is the normal means in this jurisdiction of testing the legality of detention in a mental hospital, whether based on civil or criminal proceedings. See Barry v. Hall, 1938, 68 App.D.C. 350, 98 F.2d 222; Overholser v. Leach, 1958, 103 U.S. App.D.C. 289, 257 F.2d 667 certiorari denied, 1959, 359 U.S. 1013, 79 S.Ct. 1152, 3 L.Ed.2d 1038; Overholser v. Williams, 1958, 102 U.S.App.D.C. 248, 252 F.2d 629; Clatterbuck v. Overholser, 1960, 107 U.S.App.D.C. 340, 278 F.2d 20. The application of Section 2255 of Title 28 of the U.S.Code (1958) is limited in terms to an attempt by "a prisoner in custody under sentence of a court" to "vacate, set aside or correct the sentence." Here, appellant is not a "prisoner"; he is not under "sentence." See Hill v. United States, 6 Cir., 1953, 206 F.2d 204, certiorari denied, 1953, 346 U.S. 859, 74 S.Ct. 75, 98 L.Ed. 372. He is an "accused person confined to a hospital for the mentally ill," to quote the words of the statute. See D.C.Code § 24–301(b) (Supp. VIII, 1960). Habeas corpus petitions are entertained by the District Court, not by the Municipal Court. Whether some procedure—such as a motion addressed to the inherent power of that court to modify or vacate its own judgments—might have been available to appellant in the Municipal Court, we need not speculate. The fact is that the habeas corpus jurisdiction of the District Court was properly invoked, and the Government made no suggestion to that court that it do other than deal with the case on its merits.

The order is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

So ordered.

FAHY, Circuit Judge (concurring).

While I agree with what Judge WASHINGTON has written, I wish to note that appellant does not seek release from St. Elizabeths Hospital on the ground that he is presently sane. He does not allege present sanity. Accordingly, we do not reach for decision the question whether if he were now sane he could properly be continued in custody at St. Elizabeths Hospital. See the views expressed by me in my concurring opinion in Ragsdale v. Overholser, 108 U.S.App.D.C. 308, 281 F.2d 943, 949.

---

1. We note that the petition was traversed by Dr. Overholser, who stated that in his view O'Beirne is still of unsound mind, and would be dangerous to the community if released. Appellant has offered no evidence to the contrary, and in this court his counsel disclaims any intention to seek release on the ground that appellant has recovered his sanity, and is not dangerous. Cf. Lewis v. Over-holser, 1960, 107 U.S.App.D.C. 83, 274 F.2d 592. If the present commitment is set aside, further proceedings may be required in the interest of protecting the community. Cf. Clatterbuck v. United States, 1958, 105 U.S.App.D.C. 295, 266 F.2d 893; Clatterbuck v. Overholser, 1960, 107 U.S.App.D.C. 340, 278 F.2d 20.