**Achillies G. CYRONNE–DeVIRGIN, Appellant,**

v.

**STATE OF MISSOURI and Dr. Donald B. Peterson, Superintendent of State Hospital No. 1, Fulton, Missouri, Appellees.**

**No. 17629.**

United States Court of Appeals
Eighth Circuit.

Feb. 15, 1965.

Rehearing Denied June 11, 1965.

Wayne F. Caskey, Jr., Kansas City, Mo., for appellant.

Thomas F. Eagleton, Atty. Gen., and Howard L. McFadden, Asst. Atty. Gen., State of Missouri, Jefferson City, Mo., for appellee.

Before JOHNSEN, Chief Judge, and VOGEL and MEHAFFY, Circuit Judges.

PER CURIAM.

Achillies G. Cyronne-DeVirgin has appealed an order of the District Court denying summarily his *pro se* petition for a writ of habeas corpus for failure to exhaust state remedies before seeking federal relief. The District Court found on the record of the state proceedings that petitioner had never appealed an order of the state trial court overruling his motion to vacate sentence under Rule 27.26 of the Missouri Rules of Criminal Procedure, V.A.M.R.

The District Court permitted petitioner to file a notice of appeal in forma pauperis but denied his request for a cer-

tificate of probable cause. In our order dated March 27, 1964, we granted the certificate and appointed counsel to represent petitioner in this appeal.

In that same order, we reviewed the posture of petitioner's case:

"Appellant is seeking to effect his release from State Hospital No. 1, Fulton, Missouri, where he has been detained by the State of Missouri since 1955 as being insane. Commitment of him to the State Hospital was apparently made on the basis of § 546.510 R.S.Mo.1949 [V.A.M.S.], which provides:

" 'When a person tried upon indictment for any crime or misdemeanor shall be acquitted on the sole ground that he was insane at the time of the commission of the offense charged, the fact shall be found by the jury in their verdict, and by their verdict the jury shall further find whether such person has or has not entirely and permanently recovered from such insanity; * * * but in case the jury shall find such person has not entirely and permanently recovered from such insanity, an order shall be entered of record by the court that he be sent to a state hospital. * * *'

"The substance and effect of the allegations of the petition for a writ are that appellant was charged with the offense of murder in the first degree; that no formal trial ever was held on the charge and appellant never was allowed to have a jury pass on the question of his guilt or innocence; that a jury was impaneled and the Court thereafter instructed it to return a verdict of not guilty by reason of insanity and to find that he had not entirely and permanently recovered from such insanity; that appellant never was and is not now insane; and that his several attempts to have the instructed verdict of not guilty by reason of insanity set aside and to ob-

tain a hearing on the question of his sanity have all been denied on their face by the Missouri courts."

We instructed the State of Missouri, as respondent, to indicate in its brief what remedies, if any, remain available to petitioner in the Missouri courts to test his sanity and determine the validity of his detention.

The State concedes for purposes of this appeal that petitioner's several unsuccessful applications to the Missouri Supreme Court for a writ of habeas corpus exhausted under the state system whatever means available to him at that time for challenging the efficacy of the proceedings whereby he was originally committed.

■ During this same period, apparently the State of Missouri had no statutory means by which petitioner could question the existing legality of his detention for insanity. However, by filing a writ of habeas corpus with the State Supreme Court, the institution wherein petitioner was confined could have been directed to exercise its power to discharge him if satisfied that he had regained his sanity. Richey v. Baur, Mo., 298 S.W.2d 445 (1957). The record does not show that petitioner sought this type of relief in his varied pleas to the Missouri Supreme Court which contested only the legality of his original commitment for failure to accord him due process of law.

■ Further, the State admits that petitioner's failure to appeal his collateral attack of the state sentence did not prejudice his standing in federal court. The Attorney General of Missouri is of the opinion that Rule 27.26, like its federal counterpart, 28 U.S.C.A. § 2255, applies only to persons who have been convicted and are under sentence, but not to persons such as petitioner who has been acquitted and confined for reason of insanity. Compare O'Beirne v. Overholser, 109 U.S.App.D.C. 279, 287 F.2d 133, 136 (1960); Hill v. United States, 206 F.2d 204 (6th Cir. 1953), cert. denied 346 U. S. 859, 74 S.Ct. 75, 98 L.Ed. 372 (1953).

Nonetheless, the State asks that petitioner's certificate of probable cause for appeal be withdrawn in light of a recently created state right to which petitioner can now resort. The State calls our attention to the fact that after the initial denial of petitioner's writ by order of the District Court on July 5, 1963, a Missouri statute affecting petitioner's case became effective on October 13, 1963. This statute in substance provides for judicial review of the existing mental condition of a defendant formerly acquitted for insanity and for his release from confinement if deemed recovered from his mental disease. § 552.040 R.S. Mo.1963 Cum.Supp., V.A.M.S.

■ While this procedure could not, of course, dispose of the constitutional questions pertaining to the legality of petitioner's original commitment, such questions would become moot in the event petitioner is now found sane and released. Petitioner's acquittal by a jury which found him insane at the time of commission of the offense apparently bars his being twice placed in jeopardy of life by any retrial for the same crime. Mo. Const. Art. 1, § 19, V.A.M.S.

On the other hand, if the outcome of the sanity hearing is adverse to petitioner, then he will have taken the last step under the state system for maturation of a writ of habeas corpus in federal court.

Petitioner relies principally upon Fay v. Noia, 372 U.S. 391, 83 S.Ct. 822, 9 L. Ed.2d 837 (1963) which this Court has consistently recognized as controlling where circumstances warranted its application. See, e. g., Donnell v. Nash, 323 F.2d 850 (8th Cir. 1963), cert. denied 376 U.S. 924, 84 S.Ct. 686, 11 L.Ed.2d 619 (1964); Hooper v. Nash, 323 F.2d 995 (8th Cir. 1963), cert. denied 376 U. S. 945, 84 S.Ct. 802, 11 L.Ed.2d 768 (1964). The instant case is patently distinguishable from the Noia decision. There, no unexhausted state remedy remained available to the petitioner and a habeas corpus proceeding in federal court was the only forum left open to him. Whereas here, the petitioner has avail-

able to him an untried state remedy under the state statute which he can pursue without prejudice to his federal habeas rights with the possibility of obtaining in effect greater relief than affordable by the District Court.

Therefore, we affirm the order of the District Court denying petitioner a hearing on his writ of habeas corpus until such time as he has availed himself of the state remedy discussed above.

We commend court-appointed counsel Wayne F. Caskey, Jr., for his brief in support of petitioner's appeal.

Order affirmed.