In re James E. CLATTERBUCK,
Petitioner,

v.

David W. HARRIS, Superintendent, Saint
Elizabeths Hospital, Respondent.

Habeas Corpus No. 145–168

United States District Court
District of Columbia.

Oct. 23, 1968.

Thomas G. Laughlin, Washington, D.
C., for petitioner.

Oscar Altshuler, Asst. U. S. Atty.,
Washington, D. C., for respondent.

MEMORANDUM AND ORDER

AUBREY E. ROBINSON, Jr., District Judge.

This is a petition for a writ of habeas corpus, the thirteenth filed by Petitioner since his commitment some nine years ago under the Sexual Psychopath Law of the District of Columbia, D.C.Code § 22–3508 (1967). There is no need to review the history of Petitioner's case in detail, since that was done by Judge Bazelon in his statement in relation to petition for hearing en banc in Clatterbuck v. United States, 105 U.S.App.D.C. 295, 296, 266 F.2d 893, 894 (1959). As in one of Petitioner's previous petitions for a writ of habeas corpus, the one considered by our Court of Appeals in Clatterbuck v. Overholser, 107 U.S.App.D.C. 340, 278 F.2d 20 (1960), the present petition

> * * * recites that petitioner was, on May 5, 1959, found to be a sexual psychopath within the meaning of § 22–3501 et seq. D.C.Code (1951); that he was committed to St. Elizabeths Hospital, where he was confined at Howard Hall against his will and in violation of the Sexual Psychopath Act, such hall being maintained for the confinement of the violent, criminal and hopelessly insane. Petitioner claims that because of his unlawful detention in Howard Hall, he is being subjected to constant threats to his life and to serious bodily harm by the criminally insane; that he is in constant fear for his life and of serious bodily harm to the extent that he is unable to sleep and is afraid to go to sleep at night * * *. He avers that no criminal charges are pending against him and that he is not insane, violent or dangerous and should not be kept in Howard Hall but in some other part of the hospital [if at all]. (Footnotes omitted.)—Clatterbuck v. Overholser, supra at 341, 278 F.2d at 21.

In his present petition, Petitioner seeks his release from St. Elizabeths Hospital on the ground that he is not mentally ill, or, in the alternative, he requests adequate treatment outside the maximum security area and free from those committed as criminally insane.

Only after the most careful consideration of Petitioner's requests, the argument of counsel in open court, the testimony of witnesses, the full transcript of that testimony and argument, and the relevant cases, does the Court reach its conclusion that Petitioner Clatterbuck's petition for a writ must be dismissed and the Petitioner remanded to the Respondent, Superintendent of St. Elizabeths Hospital.

 Petitioner is not entitled to his first requested relief, release from the Hospital, because he is still a sexual psychopath within the meaning of the statute. D.C.Code § 22–3503(1) (1967). He is a person "who by a course of repeated misconduct in sexual matters has evidenced such lack of power to control his sexual impulses as to be dangerous to other persons because he is likely to attack or otherwise inflict injury, loss, pain, or other evil on the objects of his desire." D.C.Code § 22–3503(1) (1967). This finding is not based upon the kind of "boiler-plate" report of psychiatrists condemned in Millard v. Cameron, 125 U.S.App.D.C. 383, 384, 373 F.2d 468 (1966). Rather, it is based on testimony taken at a hearing at which two psychiatrists, Dr. Earl J. Pappish and Dr. Daniel Duncan Pugh, were thoroughly examined and cross-examined, as required by Millard, supra at 385–86, 373 F.2d at 470–71. Indeed, Dr. Pappish, a staff psychiatrist of Legal Psychiatric Services, examined Petitioner pursuant to court order issued at the request of counsel for Petitioner. It is from the testimony of these two experts that the Court concludes that Petitioner's condition has not changed from the time at which he was found to be a sexual psychopath and committed to the Hospital. He is still a sexual psychopath who is likely to be of danger to others if released from the Hospital and permitted to return to society. See Transcript of Proceedings, September 23, 1968, pp. 16–59.

■ The Court has greater problems with Petitioner's alternative requested relief, that he be given treatment adequate for his condition and that this include removal from the maximum security area. The courts should not normally interfere with the treatment being offered by an institution such as St. Elizabeths, because such decisions involve medical and institutional judgments. Miller v. Overholser, 92 U.S.App.D.C. 110, 115, 206 F.2d 415, 419 (1953). However, it is now settled that the writ of habeas corpus is available to test the *place* of confinement as well as the fact of confinement. *Miller*, supra at 115, 206 F.2d at 420. Thus, habeas corpus relief is available to one confined as a sexual psychopath, without treatment, in a ward for the "hopelessly insane"; a court must order the hospital to transfer the patient to a proper place in the institution for treatment. *Miller*, supra at 116, 206 F.2d at 420. And it has been held that

> Indefinite commitment under the Sexual Psychopath Law is "justifiable only upon a theory of therapeutic treatment." Persons against whom proceedings under the statute are instituted are called "patients" because "the title essentially provides treatment rather than punishment." * * * "Lack of treatment destroys any otherwise valid reason for differential consideration of the sexual psychopath." (Footnotes omitted.) * * * Millard v. Cameron, 125 U.S.App.D.C. 383, 387–88, 373 F.2d 468, 472–73 (1966).

■ The evidence is clear that Petitioner is not being given therapeutic treatment which is adequate for his condition. However, it also indicates very clearly that the only effective treatment in his case is psychotherapy. Psychotherapy requires that the patient participate in the process whereby he can recognize the nature of his problem. Peti-

tioner refuses to discuss his problem or participate in any fashion in the very course of treatment most effectively used and recommended for those in his condition. See Transcript of Proceedings, September 23, 1968, pp. 38–39. See also pp. 18–19, 26–27. Thus, while treatment is not being given, the fault lies with the patient, not with the institution as in *Millard,* supra. The Hospital has determined the type of treatment which Petitioner requires and has made it available to him; the decision whether to accept that treatment is now Petitioner's. To allow him to refuse treatment and then to use that refusal as the basis for the allegation that he is not being given treatment and thus should be released under the rule of *Millard,* supra, would be an anomalous result indeed. The Court does not believe this was the intent of *Millard,* supra, and will neither order Petitioner's release nor prescribe a form of treatment other than that which experts have testified is both appropriate and available, namely, psychotherapy.

■ So far as Petitioner's request that he be transferred from the maximum security area of the Hospital, suffice it to say that his record of escapes from institutions is basis enough for keeping him in maximum security until the hospital officials deem it prudent to transfer him to other surroundings.

Wherefore, it is this 23rd day of October, 1968,

Ordered that Petitioner's Petition for a Writ of Habeas Corpus be and is hereby denied both as it requests release from St. Elizabeths Hospital and as it requests a change in his treatment, and it is

Further ordered that the Writ of Habeas Corpus issued on July 1, 1968, be and is hereby discharged, and it is

Further ordered that Petitioner be and is hereby remanded to the custody of the Superintendent of St. Elizabeths Hospital, who is to continue to make the appropriate treatment available.